**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARCO MERCADO** | § | |
| **(Travis Co. #1505026)** | § | |
| | § | |
| **V.** | § | **A-15-CA-834-LY** |
| | § | |
| **STATE OF TEXAS, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. He complains pretrial detainees are discriminated against in Travis County and their state criminal cases exceed the "federal statute of limitations." Plaintiff and several other Travis County inmates in separately filed complaints essentially challenge the length of their detention before their cases are resolved in state court. They appear to allege state courts should be required to comply with the Speedy Trial Act, which governs criminal cases filed in federal court.

Plaintiff sues the State of Texas, Travis County, the Travis County District Attorney Rosemary Lehmberg, and the Justice Planning Department. He requests a declaratory judgment that his rights have been violated, a preliminary and permanent injunction ordering the defendants to cease violating his federal civil rights, an order directing the defendants to cease their actual prejudice and discrimination, compensatory and punitive damages, and an order directing the state court to dismiss the indictment against him and discharge his prosecution with prejudice.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Eleventh Amendment Immunity

The State of Texas is immune under the Eleventh Amendment from any action brought against it in federal court by its own citizens or by citizens of other states. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Plaintiff's claims against District Attorney

Rosemary Lehmberg, in her official capacity, are also barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys and assistant district attorneys are considered agents of the state, which is immune from claims for damages under the Eleventh Amendment.  Neinast v. Texas, 217 F.3d 275, 280 (5th Cir. 2000); Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997); Quinn v. Roach, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Accordingly, Plaintiff's claims against the State of Texas and District Attorney Rosemary Lehmberg, in her official capacity, should be dismissed without prejudice for want of jurisdiction.

    C.    Prosecutorial Immunity

District Attorney Rosemary Lehmberg, in her individual capacity, is protected by prosecutorial immunity.  Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings.  Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976).  "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 509 U.S. at 273).  Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993).  Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously.

3

Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992);

Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected.  In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431.  This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence.   In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts.  However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors.  Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by District Attorney Rosemary Lehmberg with regard to his pending criminal case which are clearly protected by prosecutorial immunity.  In this action Plaintiff does not allege any actions taken by the defendant that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings.  Therefore, Plaintiff's claims against District Attorney Rosemary Lehmberg, in her individual capacity, should be dismissed as frivolous.

D.      Entities Not Capable of Being Sued

Plaintiff names as a defendant the Justice Planning Department.  However, Travis County's Criminal Justice Planning Department is not an entity capable of being sued.  See e.g. Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental

4

subdivisions without capacity for independent legal action). To the extent Plaintiff may be attempting to also sue the Travis County District Attorney's Office those claims are defective for the same reason. A county district attorney's office is not a legal entity capable of suing or being sued. Johnson v. Kegans, 870 F.2d 992, 998 n. 5 (5th Cir.), cert. denied, 492 U.S. 921 (1989).

      E.     Heck Bar

Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff is contesting his continued confinement. However, Plaintiff does not allege his continued confinement has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Because Plaintiff's continued confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under 42 U.S.C. § 1983.

      F.     Habeas Corpus Relief

To the extent Plaintiff seeks the dismissal of his indictment and state prosecution, he is seeking pretrial habeas corpus relief pursuant to 28 U.S.C. § 2241. However, in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), the Supreme Court reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Id. at 490. Plaintiff's claims are insufficient under Braden to justify federal habeas relief.[1] The Court finds no special circumstances in this case which would justify a

---

[1]Additionally, the Court should abstain from deciding these issues under the Younger abstention doctrine. See Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995) (holding that Younger abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

federal court's intervention in Plaintiff's state criminal proceedings. Moreover, there is no evidence that Plaintiff has exhausted his state court remedies, a prerequisite to federal habeas corpus relief. See Braden, 410 U.S. at 489-90.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the State of Texas and District Attorney Lehmberg, in her official capacity, be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's habeas corpus claims be dismissed without prejudice and a certificate of appealability be denied. It is finally recommended that Plaintiff's remaining claims brought against District Attorney Lehmberg, in her individual capacity, Travis County, and the Justice Planning Department be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of October, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE